UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY ELLIOT,

    Plaintiff,                               Case No. 3:15-cv-00464

vs.

COMMISSIONER OF                   District Judge Walter H. Rice
SOCIAL SECURITY,                  Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 4), the supplemental administrative record (doc. 7), and the record as a whole.[2]

I.

A. **Procedural History**

Plaintiff filed an application for SSI on December 17, 2012 alleging disability as a result of a number of impairments including, *inter alia*, degenerative disc disease

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record (doc. 4) and supplemental administrative record (doc. 7) will refer only to the PageID number.

of the lumbar and cervical spine, sciatica and Hepatitis C. PageID 196-201, 56.

After an initial denial of his application, Plaintiff received a hearing before ALJ Emily Ruth Statum on March 7, 2014. PageID 785-810. The ALJ issued a written decision on May 27, 2014 finding Plaintiff not disabled. PageID 53-67. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since December 17, 2012, the date of his current pending application for [SSI] (20 CFR 416.971, *et seq*.).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, sciatica, hernia, hepatitis C, affective (mood) disorder, substance use disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ["RFC"] to perform medium work[3] as defined at 20 CFR 416.967(c) subject to the following additional limitations: lifting no more than 25 pounds occasionally and lifting or carrying no more than 15 pounds frequently; standing or walking no more than six hours during any given eight-hour workday; kneeling or balancing no more than frequently; no more than occasional climbing of ramps or stairs, stooping, crouching, or crawling; no climbing on ladders, ropes, or scaffolding; avoid a concentrated exposure to dust, dander, and mold; avoid all exposure to unprotected heights, hazardous machinery, and industrial vibrations; can perform simple, repetitive, unskilled tasks; can have occasional superficial interaction with the general public,

---

[3] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.* § 416.967(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id.* Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

       supervisors, and co-workers; can work in the presence of other persons but cannot perform joint tasks; works better with things rather than people; can frequently respond to routine changes in the work setting; with an allowance to be 'off task' about two percent of the work day with no loss of productivity.

5.     The claimant is unable to perform past relevant work (20 CFR 416.965).

6.     The claimant was born [in] 1963. From the date of his application for [SSI] until he attained age 50 (one month later) in January 2013 the claimant was classified as a 'younger individual' for Social Security purposes. Since attaining age 50 the claimant is classified as an individual who is 'closely approaching advanced age' (50-54 years old) for Social Security purposes (20 CFR 416.963).

7.     The claimant has a 10th-grade or 'limited' education as defined for Social Security purposes (20 CFR 416.964).

8.     The claimant does not have 'transferable' work skills within the meaning of the Social Security Act (20 CFR 416.968).

9.     Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.    The claimant was not 'disabled,' as defined in the Social Security Act, since December 17, 2012, the date the application for supplemental security income was filed (20 CFR 416.920(g)).

PageID 53-67.

     Thereafter, the Appeals Council denied review on October 30, 2015, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 40-45. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 56-61. Plaintiff, in his Statement of Errors, also summarizes the evidence of record. Doc. 8 at PageID 812-13. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 9 at PageID 825. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by failing to: (1) properly evaluate his credibility; (2) incorporate additional functional limitations into his RFC in light of recent x-rays documenting worsening advanced degenerative disc disease; and (3) incorporate his difficulties -- in maintaining concentration, persistence, or pace -- into the hypothetical questions posed to the Vocational Expert ("VE"). Doc. 8 at PageID 812-20. Finding merit to Plaintiff's first alleged error, the undersigned does not address the merits of Plaintiff's two remaining contentions.

With regard to credibility and allegations of disabling pain and symptoms, Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR") 96-7p. A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted). Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's

6

statements and the reasons for that weight." *Id.*

"Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used[.]" *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a); *Buxton,* 246 F.3d at 773; *Felisky v. Bowen,* 35 F.3d 1027, 1038-39 (6th Cir. 1994)). "First, the ALJ will ask whether . . . there is an underlying medically determinable . . . impairment that could reasonably be expected to produce the claimant's symptoms." *Id.* (citation omitted).

Second, where the ALJ determines "that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id.* (citations omitted); *see also* SSR 96-7p, 1996 WL 374186, at *2. In considering the second part of the two-part analysis, the ALJ must consider a number of "[r]elevant factors," namely: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) other treatment undertaken to relieve symptoms; (6) other measures taken to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 416.929(c)(3); *see also Rogers,* 486 F.3d at 247.

Here, Plaintiff testified that he experienced pain in his lower back, neck and bilateral shoulders and, sometimes, a sharp pain down his right leg. PageID 82. Plaintiff explained that he experiences "bad days" about three days a week where his pain does not relent even with medication. *Id.* at 87. Plaintiff further testified that due to his back pain, he has problems with walking, balancing, and standing for long periods. *Id.* In determining that Plaintiff's allegations

7

of disabling pain were "disproportionate" and "less than credible," the ALJ found the following:

> The extent of (physical and mental) impairment alleged by the claimant is unsubstantiated by convincing objective medical evidence or clinical findings. The claimant's allegations appear excessive when viewed within the context of the medical record. For example, the claimant alleges incapacitating back pain but he was installing drywall in 2013. When examined by Dr. Danopulos, most physical findings were within normal limits or were indicative of only mild or minor abnormality. According to Dr. Danopulos, use of an ambulatory aid [i]s not obligatory. The claimant uses only non-prescription pain medication. Even treating source Ms. Sunshein indicated that the claimant has no limitations with respect to sitting, standing, or walking capabilities. Similarly, the claimant has expressed allegations of visual hallucinations on occasion. Such allegations are not substantiated by the diagnosed impairments presented by Dr. Bonds. It is possible that such a symptom could be a consequence of substance abuse but, in any case, mental symptoms are effectively controlled with the use of prescribed psychotropic medication to the extent that no more than "moderate" limitation in mental functioning capability is warranted.

PageID 64 (citations omitted). The Court finds that substantial evidence does not support the ALJ's credibility analysis, at least as it relates to Plaintiff's statements of physical pain.

First, the ALJ never articulates what "convincing objective medical evidence or clinical findings" fail to substantiate Plaintiff's allegations of physical pain. PageID 64. Contrary to the ALJ's statement in this regard, however, is the fact that objective evidence of record shows abnormalities in Plaintiff's lumbar and cervical spine that could reasonably be found to support Plaintiff's allegations of pain. PageID 686-87. Significantly, medical imaging of Plaintiff's spine in April 2013 revealed "[m]ild to moderate degenerative disc disease [at] L4-l5" and "[m]oderately advanced degenerative disease C5-C6[.]" *Id.* Consistent with that objective evidence are Dr. Danopulos's clinical findings, wherein he noted on physical examination that Plaintiff's "[s]pine was painful to pressure in the lower cervical and lumbar spine." PageID 679-81. Absent a meaningful explanation by the ALJ, it is unclear how these objective and clinical findings undermine Plaintiff's credibility.

8

Second, the ALJ's discrediting of Plaintiff's credibility because he only used "non-prescription pain medication" ignores the fact that Plaintiff was prescribed Vicodin for pain, but was not able to fill that prescription because he lacked medical insurance and thus the funds to purchase the medicine. PageID 82; *cf.* SSR 96-7p, 1996 WL 374186, at *7; *Lariccia v. Comm'r of Soc. Sec.,* 549 F. App'x 377, 387 (6th Cir. 2013) (finding the ALJ's failure to consider claimant's insurance difficulties "significant" error). Absent acknowledgement of such fact, the undersigned cannot find that Plaintiff's use of only over-the-counter medications constitutes substantial evidence upon which the ALJ could rely to discredit Plaintiff's allegations of pain.

Finally, the ALJ's reliance on Nurse Kim Sunshein's assessment to undermine Plaintiff's credibility is curious. Elsewhere in her decision, the ALJ found Nurse Sunshein's opinion entitled to "little to no weight" because, according to the ALJ, her report was vague and her qualifications as a nurse practitioner made her an unacceptable medical source under the regulations. PageID 62. In addition, the undersigned notes that Nurse Sunshein's assessment was generated in January 2008 -- more than five years prior to Plaintiff's April 2013 x-rays showing a worsening of his advanced degenerative disc disease, and nearly five years prior to Plaintiff's SSI application in December 2012. PageID 196-201, 712-13; *cf. Ford v. Comm'r of Soc. Sec.,* No. 2:11-cv-1139, 2013 WL 765654, at *2 (S.D. Ohio Feb. 28, 2013) (finding that a medical source's outdated and incomplete assessment could not amount to substantial evidence in support of an ALJ's RFC assessment). Given the minimal relevance of Nurse Sunshein's assessment, the undersigned finds that her opinion is not substantial evidence upon which the ALJ could rely to discredit Plaintiff's allegations of pain. *Cf. Grimes v. Comm'r of Soc. Sec.*, No. 3:13-CV-299, 2015 WL 4550338, at *6 (S.D. Ohio Mar. 3, 2015) (stating that the relevant time period for assessing an SSI benefits claim is the time period between the application and the

ALJ's decision).

Although the ALJ also noted a medical record showing that Plaintiff injured himself hanging drywall in 2014, and that his use of a cane was not prescribed by a physician, the undersigned concludes that the ALJ's reliance on such additional facts does not render the aforementioned errors harmless. *See Madewell v. Comm'r of Soc. Sec.*, No. 3:13-CV-318, 2015 WL 163468, at *8 (S.D. Ohio Jan. 13, 2015), *report and recommendation adopted*, No. 3:13CV318, 2015 WL 1468303 (S.D. Ohio Mar. 26, 2015) (declining to find harmless error where the significant reasons upon which the ALJ relied in discrediting claimant's allegations of pain were unsupported by substantial evidence). Accordingly, the undersigned concludes that the ALJ's credibility assessment is not supported by substantial evidence and, as a result, the non-disability finding should be reversed.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky*, 35 F.3d at 1041.

Here, evidence of disability is not overwhelming and therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

### V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:   February 6, 2017                                  s/ Michael J. Newman
                                                                                   Michael J. Newman
                                                                                  United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).